the employees of A. and M. College since the rendition of the above cited cases, the general rule of law announced therein is applicable to the instant question.

In the case of Hodge v. Lower Colorado River Authority, 163 S. W. (2d) 855 (Writ Refused) it is stated that:

"It is equally well settled, however, that a county is a governmental agency and as such is immune from liability for all torts, just as is the State itself, unless such liability is created by statute."

Article 46d-15, V. C. S., provides as follows:

"The acquisition of any land or interest therein pursuant to this Act, the planning, acquisition, establishment, development, construction, improvement, maintenance, equipment, operation, regulation, protection and policing of airports and air navigation facilities, including the acquisition or elimination of airport hazards, and the exercise of any other powers herein granted to municipalities and other public agencies, to be severally or jointly exercised, <u>are hereby declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity; and in the case of any county, are declared to be county functions and purposes as well as public and governmental;</u> and in the case of any municipality other than a county, are declared to be municipal functions and purposes as well as public and governmental. All land and other property and privileges acquired and used by or on behalf of any municipality or other public agency in the manner and for the purposes enumerated in this Act shall and are hereby declared to be acquired and used for public and governmental purposes and as a matter of public necessity, and, in the case of a county or municipality, for county or municipal purposes, respectively." (Emphasis added.)

Article 46d-21 is as follows:

"This Act is cumulative of and in addition to all laws of the State of Texas on this subject."

Also, Article 1269h, Sec. 3, provides, in part as follows:

". . . and no city or county shall be liable for injuries to persons resulting from or caused by any defective, unsound or unsafe condition of any such Air Port, or any part thereof, or thing of any character therein or resulting from or caused by any negligence, want of skill, or lack of care on the part of any governing Board or Commissioners' Court, officer, agent, servant or employee or other person with reference to the construction, improvement, management, conduct, or maintenance of any such Air Port or any structure, improvement, or thing of any character whatever, located therein or connected therewith." (Held unconstitutional as to cities in the case of Christopher v. City of El Paso, 98 S. W. (2d) 394.)

Since the county is acting in a governmental capacity in the operation of an airport and in view of the foregoing, it is our opinion that the county is not liable.

Of course, if the county, in the operation or maintenance of the airport takes or confiscates private property of individuals for public use without due process of law, the county is liable therefor. Hale v. State, 136 Tex. 29, 146 S. W. (2d) 731. That liability cannot be dissolved by the leasing of the property.

With reference to your question as to whether the county has authority to carry insurance covering bodily injury, property damage or any other damages for which it would not be liable, it was held in Attorney General's Opinion V-381 that:

". . . the Commissioners' Court has no authority to contract for compensation insurance for its employees or for public liability insurance. Attorney General Opinions Nos. 0-353, 0-1922 and 0-5315. In answer to your fifth question, it is our opinion that the county can not contract for compensation insurance for its employees or for public

liability insurance. It is further our opinion that the county auditor is not authorized to contract with the county for any insurance, and that such contract would be in violation of Article 373, V.P.C."

Article III of the State Constitution was amended in the recent election by adding Section 60 thereto authorizing the Legislature to pass such laws necessary to enable all counties of this State to provide Workmen's Compensation, including the right to provide its own insurance and to provide for the payment of same by the counties. However, the necessary legislation has not been passed. Hence the rule of law announced in the Hodge Case as well as the above Attorney General Opinion is applicable to our question, and will be until and unless the Legislature passes an Act permitting counties to purchase such insurance.

## SUMMARY

The County acting in a governmental capacity in the operation of an airport is not liable for the torts committed by its agents while operating the same. Art. 46d-15; Hodge v. Lower Colorado River Authority, 163 S. W. (2d) 855, error refused. The Commissioners' Court has no authority to carry insurance covering bodily injury, property damage or any other damages for which the county would not be liable.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen
Bruce Allen
Assistant

BA:mw:bh

APPROVED

Joe R. Greenhill

EXECUTIVE ASSISTANT
ATTORNEY GENERAL